THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
THOMAS E. FRANKOVICH (State Bar No. 074414)
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:     415/674-8600
Facsimile:     415/674-9900

Attorneys for Plaintiff
CRAIG YATES, an individual

FILED
JUL 2 7 2010
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CRAIG YATES, an individual,

Plaintiff,

v.

TURTLE TOWER RESTAURANT; CITI PROPERTIES DE LLC, a Delaware limited liability company; and PHAM LLC, a California limited liability company,

Defendants.

CASE NO. C V 1 0   3 2 7 9
**Civil Rights**

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**

**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)

**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*

**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

1      Plaintiff CRAIG YATES, an individual, complains of defendants CITI PROPERTIES DE

2 LLC, a Delaware limited liability company; and PHAM LLC, a California limited liability

3 company and alleges as follows:

4 **INTRODUCTION:**

5      1.      This is a civil rights action for discrimination against persons with physical

6 disabilities, of which class plaintiff CRAIG YATES and the disability community are members,

7 for failure to remove architectural barriers structural in nature at defendants' TURTLE TOWER

8 RESTAURANT, a place of public accommodation, thereby discriminatorily denying plaintiff

9 and the class of other similarly situated persons with physical disabilities access to, the full and

10 equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services,

11 and accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the

12 Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

13 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

14      2.      Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

15 March 23, 2010, April 28, 2010, May 7, 2010 June 6, 2010 and July 14, 2010, was an invitee,

16 guest, patron, customer at defendants' TURTLE TOWER, in the City of San Francisco,

17 California. At said times and place, defendants failed to provide proper legal access to the

18 restaurant, which is a "public accommodation" and/or a "public facility" including, but not

19 limited to entrance and restroom(s). The denial of access was in violation of both federal and

20 California legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights

21 to full and equal access, and was embarrassed and humiliated.

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  **JURISDICTION AND VENUE:**

2      3.   **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.
3  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.
4  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
5  nucleus of operative facts and arising out of the same transactions, are also brought under parallel
6  California law, whose goals are closely tied with the ADA, including but not limited to violations
7  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
8  *seq.*, including §19959; Title 24 California Building Standards Code.

9      4.   **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
10  founded on the facts that the real property which is the subject of this action is located at/near
11  631 Larkin Street, in the City and County of San Francisco, State of California, and that
12  plaintiff's causes of action arose in this county.

13  **PARTIES:**

14      5.   Plaintiff CRAIG YATES is a "physically handicapped person", a "physically
15  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
16  disabled", "physically handicapped" and "person with physical disabilities" are used
17  interchangeably, as these words have similar or identical common usage and legal meaning, but
18  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
19  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other
20  statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
21  CRAIG YATES is a "person with physical disabilities", as defined by all applicable California
22  and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a
23  wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that
24  portion of the public whose rights are protected by the provisions of Health & Safety Code
25  §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped
26  Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the
27  Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.
28  §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1    6.    Defendants CITI PROPERTIES DE LLC, a Delaware limited liability company;

2 and PHAM LLC, a California limited liability company (hereinafter alternatively collectively

3 referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the

4 owners, lessors and/or lessees, of the public accommodation known as TURTLE TOWER

5 RESTAURANT, located at/near 631 Larkin Street, San Francisco, California, or of the building

6 and/or buildings which constitute said public accommodation.

7    7.    At all times relevant to this complaint, defendants CITI PROPERTIES DE LLC, a

8 Delaware limited liability company; and PHAM LLC, a California limited liability company,

9 own and operate in joint venture the subject TURTLE TOWER RESTAURANT as a public

10 accommodation. This business is open to the general public and conducts business therein. The

11 business is a "public accommodation" or "public facility" subject to the requirements of

12 California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the

13 ADA, 42 U.S.C. §12101, *et seq.*

14    8.    At all times relevant to this complaint, defendants CITI PROPERTIES DE LLC, a

15 Delaware limited liability company; and PHAM LLC, a California limited liability company are

16 jointly and severally responsible to identify and remove architectural barriers at the subject

17 TURTLE TOWER RESTAURANT pursuant to Code of Federal Regulations title 28, section

18 36.201(b), which states in pertinent part:

19         **§ 36.201    General**

20              (b) *Landlord and tenant responsibilities.* Both the landlord
            who owns the building that houses a place of public
21         accommodation and the tenant who owns or operates the place of
            public accommodation are public accommodations subject to the
22         requirements of this part. As between the parties, allocation of
            responsibility for complying with the obligations of this part may
23         be determined by lease or other contract.

24         28 CFR §36.201(b)

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1 **PRELIMINARY FACTUAL ALLEGATIONS:**

2       9.     The TURTLE TOWER, is a restaurant, located at/near 631 Larkin Street, San

3 Francisco, California. The TURTLE TOWER RESTAURANT, its entrance and public

4 restroom(s), and its other facilities are each a "place of public accommodation or facility" subject

5 to the barrier removal requirements of the Americans with Disabilities Act. On information and

6 belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and

7 additions," each of which has subjected the TURTLE TOWER and each of its facilities, its

8 entrance and restroom(s) to disability access requirements per the Americans with Disabilities

9 Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title

10 24).

11      10.    On or about August 8, 2000, defendants' and each of them purchased and/or

12 took possessory control of the premises now known as TURTLE TOWER. At all times prior

13 thereto, defendants' and each of them were aware of their obligation prior to the close of escrow,

14 or upon taking possessory interest that public accommodations had a duty to identify and remove

15 architectural barriers and were aware that the subject restaurant was not accessible to the

16 disabled. Nevertheless, defendants' and each of them, operated said restaurant as though it was

17 accessible.

18      11.    At all times stated herein, defendants' and each of them with the knowledge that

19 each of them had a continuing obligation to identify and remove architectural barriers where it

20 was readily achievable to do so, failed to adopt a transition plan to provide better and/or

21 compliant access to the subject accommodation.

22      12.    At all times referred to herein and continuing to the present time, defendants, and

23 each of them, advertised, publicized and held out the TURTLE TOWER RESTAURANT as

24 being handicapped accessible and handicapped usable.

25      13.    On or about March 23, 2010, April 28, 2010, May 7, 2010 June 6, 2010 and

26 July 14, 2010, plaintiff CRAIG YATES was an invitee and guest at the subject TURTLE

27 TOWER RESTAURANT, for purposes of having food and beverages.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

1    14.    On or about March 23, 2010, plaintiff CRAIG YATES power wheeled to

2  TURTLE TOWER RESTAURANT. Plaintiff CRAIG YATES encountered a concrete landing

3  approximately six (6) inch high, which constituted as a "step" and prevented plaintiff CRAIG

4  YATES entry of the subject restaurant.

5    15.    At said time and place, plaintiff CRAIG YATES encountered a male employee of

6  TURTLE TOWER, and asked that employee how he, (plaintiff CRAIG YATES) could access

7  the interior of the restaurant. Plaintiff CRAIG YATES was told that he could not access the

8  restaurant but could place a "to-go" order. Plaintiff CRAIG YATES ordered his food from the

9  sidewalk.

10    16.    On or about April 28, 2010, plaintiff CRAIG YATES returned to TURTLE

11  TOWER and encountered all the same barriers as stated herein.

12    17.    On or about April 30, 2010, plaintiff CRAIG YATES wrote both the landlord and

13  the tenant. Plaintiff CRAIG YATES suggested a number of solutions:

14          •      curb cut entry;

15          •      alternative entrance;

16          •      portable ramp;

17          •      buzzer; and

18          •      assistance signage.

19  Plaintiff CRAIG YATES also provided the name and phone number of Prairie Industries, which

20  sells portable ramps. Plaintiff CRAIG YATES never received a response.

21    18.    On or about May 7, 2010 and June 6, 2010, plaintiff CRAIG YATES returned to

22  TURTLE TOWER and encountered all of the same barriers as on prior occasions.

23    19.    On or about June 20, 2010, Kathy Pham, General Manager of the TURTLE

24  TOWER RESTAURANT wrote plaintiff CRAIG YATES. In substance, she wrote that the

25  wheelchair accessible entrance to the subject restaurant was on the side of the building. That if

26  he, (plaintiff CRAIG YATES) wished to dine, that he should go to the main entrance and

27  someone would be there to assist him.

28  ///

1    20.    On or about July 14, 2010, approximately 2:30 p.m. through 3:00 p.m., plaintiff
2  CRAIG YATES went to the side entrance of the TURTLE TOWER RESTAURANT. There was
3  a woman employee in the process of closing the door and steel security gate. Plaintiff CRAIG
4  YATES then went to the front entrance of the subject restaurant. Plaintiff CRAIG YATES asked
5  if he could come into the restaurant through the back, and another woman said "ok, you can go to
6  the rear dining area entrance it's at the side of the building of the restaurant." However, the side
7  door opens only at forty-five (45) to fifty (50) degrees not ninety (90) degrees. Employees had to
8  move tables out of the way, and the dining area was not wheelchair friendly for plaintiff CRAIG
9  YATES.

10    21.    Plaintiff CRAIG YATES attempted to use the unisex restroom but it was not
11  accessible. Many elements were missing or noncompliant, to wit: missing grab bars;
12  noncompliant dispensers; and clear space blocked with storage items.

13    22.    Therefore, at said times and place, plaintiff CRAIG YATES, a person with a
14  disability, encountered the following inaccessible elements of the subject TURTLE TOWER
15  RESTAURANT which constituted architectural barriers and a denial of the proper and legally-
16  required access to a public accommodation to persons with physical disabilities including, but
17  not limited to:

18             a.    lack of directional signage to show accessible routes of travel, i.e.,
                     entrances;

19             b.    lack of an accessible entrance due to a six (6) inch step;

20             c.    lack of a compliant portable ramp;

21             d.    lack of assistance signage and buzzer;

22             e.    lack of a handicapped-accessible women's public restroom; and

23             f.    lack of a handicapped-accessible men's public restroom.

24    23.    At all times stated herein, the existence of architectural barriers at defendants'
25  place of public accommodation evidenced "actual notice" of defendants' intent not to comply
26  with the Americans with Disabilities Act of 1990 either then, now or in the future.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    24.    On or about April 30, 2010, defendant(s) were sent two (2) letters by or on behalf
2  of plaintiff CRAIG YATES advising of their need to take immediate action to remove
3  architectural barriers and requesting a written response upon receipt of his letter, promising to
4  immediately remove the barriers and providing a date when that would be accomplished. On or
5  about June 20, 2010, plaintiff CRAIG YATES received a letter from the General Manager of the
6  restaurant. Said letters are attached hereto collectively as exhibit "A" and incorporated by
7  reference as though fully set forth herein.

8    25.    As a legal result of defendants CITI PROPERTIES DE LLC, a Delaware limited
9  liability company; and PHAM LLC, a California limited liability company's failure to act as a
10 reasonable and prudent public accommodation in identifying, removing or creating architectural
11 barriers, policies, practices and procedures that denied access to plaintiff and other persons with
12 disabilities, plaintiff suffered the damages as alleged herein.

13    26.    As a further legal result of the actions and failure to act of defendants, and as a
14 legal result of the failure to provide proper handicapped-accessible public facilities as set forth
15 herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff
16 CRAIG YATES suffered a loss of his civil rights.

17    27.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,
18 mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
19 embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
20 person with physical disabilities being denied access, all to his damages as prayed hereinafter in
21 an amount within the jurisdiction of this court. No claim is being made for mental and emotional
22 distress over and above that usually associated with the discrimination and physical injuries
23 claimed, and no expert testimony regarding this usual mental and emotional distress will be
24 presented at trial in support of the claim for damages.

25    28.    Defendants', and each of their, failure to remove the architectural barriers
26 complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public
27 accommodation, and continues to create continuous and repeated exposure to substantially the
28 same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1    29.    Plaintiff CRAIG YATES was denied his rights to equal access to a public facility
2 by defendants CITI PROPERTIES DE LLC, a Delaware limited liability company; and PHAM
3 LLC, a California limited liability company, because defendants CITI PROPERTIES DE LLC, a
4 Delaware limited liability company; and PHAM LLC, a California limited liability company
5 maintained a restaurant without access for persons with physical disabilities to its facilities,
6 including but not limited to the entrance and restroom(s), and other public areas as stated herein,
7 and continue to the date of filing this complaint to deny equal access to plaintiff and other persons
8 with physical disabilities in these and other ways.

9    30.    On information and belief, construction alterations carried out by defendants have
10 also triggered access requirements under both California law and the Americans with Disabilities
11 Act of 1990.

12    31.    Plaintiff, as described hereinbelow, seeks injunctive relief to require the TURTLE
13 TOWER RESTAURANT to be made accessible to meet the requirements of both California law
14 and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as
15 defendants operate the restaurant as a public facility.

16    32.    Plaintiff seeks damages for violation of their civil rights on March 23, 2010,
17 April 28, 2010, May 7, 2010 June 6, 2010 and July 14, 2010 and seeks statutory damages of not
18 less than \$4,000, pursuant to Civil Code §52(a) or alternatively \$1000 pursuant to Civil Code
19 §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that
20 some or all remedial work should have been completed under the standard that the landlord and
21 tenant had an ongoing duty to identify and remove architectural barriers where it was readily
22 achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject public
23 accommodation because of his knowledge and/or belief that neither some or all architectural
24 barriers had been removed and that said premises remains inaccessible to persons with disabilities
25 whether a wheelchair user or otherwise.

26    33.    On information and belief, defendants have been negligent in their affirmative duty
27 to identify the architectural barriers complained of herein and negligent in the removal of some or
28 all of said barriers.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1    34.    Because of defendants' violations, plaintiff and other persons with physical
2  disabilities are unable to use public facilities such as those owned and operated by defendants on a
3  "full and equal" basis unless such facility is in compliance with the provisions of the Americans
4  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
5  other accessibility law as plead herein.  Plaintiff seeks an order from this court compelling
6  defendants to make the TURTLE TOWER RESTAURANT accessible to persons with
7  disabilities.

8    35.    On information and belief, defendants have intentionally undertaken to modify and
9  alter existing building(s), and have failed to make them comply with accessibility requirements
10  under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each
11  of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit
12  and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried
13  out by defendants, and each of them, with a willful and conscious disregard for the rights and
14  safety of plaintiff and other similarly situated persons, and justify a trebling of damages as
15  provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of
16  defendants, and each of them, to other operators and landlords of other restaurants and other
17  public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51,
18  51.5 and 54.

19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1          36.     Plaintiff is informed and believes and therefore alleges that defendants CITI

2    PROPERTIES DE LLC, a Delaware limited liability company; and PHAM LLC, a California

3    limited liability company, and each of them, caused the subject building(s) which constitute the

4    TURTLE TOWER RESTAURANT to be constructed, altered and maintained in such a manner

5    that persons with physical disabilities were denied full and equal access to, within and throughout

6    said building(s) of the subject restaurant and were denied full and equal use of said public

7    facilities. Furthermore, on information and belief, defendants have continued to maintain and

8    operate said restaurant and/or its building(s) in such conditions up to the present time, despite

9    actual and constructive notice to such defendants that the configuration of the TURTLE TOWER

10   RESTAURANT and/or its building(s) is in violation of the civil rights of persons with physical

11   disabilities, such as plaintiff CRAIG YATES, and other members of the disability community.

12   Such construction, modification, ownership, operation, maintenance and practices of such public

13   facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and

14   the ADA, 42 U.S.C. §12101, *et seq.*

15         37.     On personal knowledge, information and belief, the basis of defendants' actual and

16   constructive notice that the physical configuration of the facilities including, but not limited to,

17   architectural barriers constituting the subject restaurant and/or building(s) was in violation of the

18   civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to,

19   communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other

20   restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon

21   modification, improvement, or substantial repair of the subject premises and other properties

22   owned by these defendants, newspaper articles and trade publications regarding the Americans

23   with Disabilities Act of 1990 and other access laws, public service announcements by former U.S.

24   Attorney General Janet Reno between 1993 and 2000, and other similar information.

25   ///

26   ///

27   ///

28   ///

1 Defendants' failure, under state and federal law, to make the TURTLE TOWER accessible is
2 further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly
3 situated persons with disabilities. Despite being informed of such effect on plaintiff and other
4 persons with physical disabilities due to the lack of accessible facilities, defendants, and each of
5 them, knowingly and willfully refused to take any steps to rectify the situation and to provide full
6 and equal access for plaintiff and other persons with physical disabilities to the subject restaurant.
7 Said defendants, and each of them, have continued such practices, in conscious disregard for the
8 rights of plaintiff and other persons with physical disabilities, up to the date of filing of this
9 complaint, and continuing thereon. Defendants had further actual knowledge of the architectural
10 barriers referred to herein by virtue of the demand letter addressed to the defendants and served
11 concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was
12 and is having on plaintiff and other persons with physical disabilities, constitutes despicable
13 conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated
14 persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

15     38.     Plaintiff CRAIG YATES and the disability community, consisting of persons with
16 disabilities, would, could and will return to the subject public accommodation when it is made
17 accessible to persons with disabilities.

18 **I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
**ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
19 **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants CITI
20 PROPERTIES DE LLC, a Delaware limited liability company; and PHAM LLC, a
California limited liability company, inclusive)
21 (42 U.S.C. §12101, *et seq.*)

22     39.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,
23 the allegations contained in paragraphs 1 through 38 of this complaint.

24 ///
25 ///
26 ///
27 ///
28 ///

1      40.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

2  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

3  protect:

4               some 43 million Americans with one or more physical or mental
                  disabilities; [that] historically society has tended to isolate and
5               segregate individuals with disabilities; [that] such forms of
                  discrimination against individuals with disabilities continue to be a
6               serious and pervasive social problem; [that] the nation's proper
                  goals regarding individuals with disabilities are to assure equality of
7               opportunity, full participation, independent living and economic
                  self-sufficiency for such individuals; [and that] the continuing
8               existence of unfair and unnecessary discrimination and prejudice
                  denies people with disabilities the opportunity to compete on an
9               equal basis and to pursue those opportunities for which our free
                  society is justifiably famous.

10     41.    Congress stated as its purpose in passing the Americans with Disabilities Act of

11  1990 (42 U.S.C. §12102):

12               It is the purpose of this act (1) to provide a clear and comprehensive
13               national mandate for the elimination of discrimination against
                  individuals with disabilities; (2) to provide clear, strong, consistent,
14               enforceable standards addressing discrimination against individuals
                  with disabilities; (3) to ensure that the Federal government plays a
15               central role in enforcing the standards established in this act on
                  behalf of individuals with disabilities; and (4) to invoke the sweep
16               of Congressional authority, including the power to enforce the 14th
                  Amendment and to regulate commerce, in order to address the
17               major areas of discrimination faced day to day by people with
                  disabilities.

18

19     42.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

20  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

21  Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

22  accommodations identified for purposes of this title was:

23              (7)    PUBLIC ACCOMMODATION - The following private
                  entities are considered public accommodations for purposes of this
24               title, if the operations of such entities affect commerce -

25                           ---

26               (B) a restaurant, bar or other establishment serving food or drink.

27               42 U.S.C. §12181(7)(B)

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

43. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

44. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (1)      the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii)      a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii)      a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

> (iv)      a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

> (v)      where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1    45.    The removal of the barriers complained of by plaintiff as hereinabove alleged were
2  at all times after January 26, 1992 "readily achievable" as to the subject building(s) of TURTLE
3  TOWER RESTAURANT pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and
4  belief, if the removal of all the barriers complained of herein together was not "readily
5  achievable," the removal of each individual barrier complained of herein was "readily
6  achievable." On information and belief, defendants' failure to remove said barriers was likewise
7  due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182
8  (b)(2)(A)(i)and (ii).

9    46.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
10 accomplishable and able to be carried out without much difficulty or expense." The statute
11 defines relative "expense" in part in relation to the total financial resources of the entities
12 involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that
13 plaintiff complains of herein were and are "readily achievable" by the defendants under the
14 standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was
15 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
16 make the required services available through alternative methods which were readily achievable.

17    47.    On information and belief, construction work on, and modifications of, the subject
18 building(s) of TURTLE TOWER occurred after the compliance date for the Americans with
19 Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of
20 the ADA.

21    48.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et
22 seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
23 Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
24 of disability in violation of this title or have reasonable grounds for believing that plaintiff is about
25 to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or
26 making use of the public facilities complained of herein so long as the premises and defendants'
27 policies bar full and equal use by persons with physical disabilities.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    49.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

2  disability to engage in a futile gesture if such person has actual notice that a person or

3  organization covered by this title does not intend to comply with its provisions." Pursuant to this

4  section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about

5  July 14, 2010, but on information and belief, alleges that defendants have continued to violate the

6  law and deny the rights of plaintiff and of other persons with physical disabilities to access this

7  public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of

8  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

9  facilities readily accessible to and usable by individuals with disabilities to the extent required by

10  this title."

11    50.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

12  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

13  the Americans with Disabilities Act of 1990, including but not limited to an order granting

14  injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being

15  deemed to be the prevailing party.

16  **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
        IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**

17  (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants CITI
    PROPERTIES DE LLC, a Delaware limited liability company; and PHAM LLC, a

18  California limited liability company, inclusive)
    (California Civil Code §§54, 54.1, 54.3, *et seq.)*

19

       51.    Plaintiff repleads and incorporates by reference as if fully set forth again herein, the

20
    allegations contained in paragraphs 1 through 50 of this complaint.

21
       52.    At all times relevant to this action, California Civil Code §54 has provided that

22
    persons with physical disabilities are not to be discriminated against because of physical handicap

23
    or disability. This section provides that:

24
                (a) Individuals with disabilities . . . have the same rights as

25    the general public to full and free use of the streets, highways,
    sidewalks, walkways, public buildings, medical facilities, including

26    hospitals, clinics, and physicians' offices, and other public places.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1    53.    California Civil Code §54.1 provides that persons with disabilities shall not be

2    denied full and equal access to places of public accommodation or facilities:

3                   (a)(1) Individuals with disabilities shall be entitled to full
                 and equal access, as other members of the general public, to
4                accommodations, advantages, facilities, medical facilities, including
                 hospitals, clinics, and physicians' offices, and privileges of all
5                common carriers, airplanes, motor vehicles, railroad trains,
                 motorbuses, streetcars, boats, or any other public conveyances or
6                modes of transportation (whether private, public, franchised,
                 licensed, contracted, or otherwise provided), telephone facilities,
7                adoption agencies, private schools, hotels, lodging places, places of
                 public accommodation, amusement or resort, and other places to
8                which the general public is invited, subject only to the conditions
                 and limitations established by law, or state or federal regulation, and
9                applicable alike to all persons.

10                Civil Code §54.1(a)(1)

11    54.    California Civil Code §54.1 further provides that a violation of the Americans with

12    Disabilities Act of 1990 constitutes a violation of section 54.1:

13                   (d) A violation of the right of an individual under the
                 Americans with Disabilities Act of 1990 (Public Law 101-336) also
14                constitutes a violation of this section, and nothing in this section
                 shall be construed to limit the access of any person in violation of
15                that act.

16                Civil Code §54.1(d)

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    55.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

2 whose rights have been infringed upon and violated by the defendants, and each of them, as

3 prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants

4 knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

5 Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to

6 defendants' TURTLE TOWER RESTAURANT. As a legal result, plaintiff is entitled to seek

7 damages pursuant to a court or jury determination, in accordance with California Civil Code

8 §54.3(a) for each day on which he visited or have been deterred from visiting the TURTLE

9 TOWER RESTAURANT because of his knowledge and belief that the said restaurant is

10 inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

11           Any person or persons, firm or corporation, who denies or interferes
             with admittance to or enjoyment of the public facilities as specified
12           in Sections 54 and 54.1 or otherwise interferes with the rights of an
             individual with a disability under Sections 54, 54.1 and 54.2 is
13           liable for each offense for the actual damages and any amount as
             may be determined by a jury, or the court sitting without a jury, up
14           to a maximum of three times the amount of actual damages but in
             no case less than . . .one thousand dollars ($1,000) and . . .
15           attorney's fees as may be determined by the court in addition
             thereto, suffered by any person denied any of the rights provided in
16           Sections 54, 54.1 and 54.2.

17           Civil Code §54.3(a)

18

19    56.    On or about March 23, 2010, April 28, 2010, May 7, 2010 June 6, 2010 and

20 July 14, 2010, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that

21 plaintiff CRAIG YATES was denied access to the entrance and restroom(s) and other public

22 facilities as stated herein at the TURTLE TOWER RESTAURANT and on the basis that plaintiff

23 CRAIG YATES was a person with physical disabilities.

24    57.    As a result of the denial of equal access to defendants' facilities due to the acts and

25 omissions of defendants, and each of them, in owning, operating and maintaining these subject

26 public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

27 rights under Civil Code §§54, 54.1 and 54.3.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1    58.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
2  anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
3  and worry, all of which are expectedly and naturally associated with a denial of access to a person
4  with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
5  omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a
6  person or an entity that represents persons with physical disabilities and unable, because of the
7  architectural barriers created and maintained by the defendants in violation of the subject laws, to
8  use the public facilities hereinabove described on a full and equal basis as other persons.

9    59.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and
10  seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights
11  as a person or an entity that represents persons with physical disabilities on or about March 23,
12  2010, April 28, 2010, May 7, 2010 June 6, 2010 and July 14, 2010, and on a continuing basis
13  since then, including statutory damages, a trebling of all of actual damages, general and special
14  damages available pursuant to §54.3 of the Civil Code according to proof.

15    60.    As a result of defendants', and each of their, acts and omissions in this regard,
16  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce
17  plaintiff's rights and enforce the provisions of the law protecting access for persons with physical
18  disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
19  the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all
20  reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,
21  plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to
22  compel the defendants to make their facilities accessible to all members of the public with
23  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to
24  the provisions of §1021.5 of the Code of Civil Procedure.

25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1  **III.  THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
       FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

2     (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants CITI
       PROPERTIES DE LLC, a Delaware limited liability company; and PHAM LLC, a

3     California limited liability company, inclusive)
       (Health & Safety Code §19955, *et seq.*)

4
       61.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

5
   the allegations contained in paragraphs 1 through 60 of this complaint.

6
       62.  Health & Safety Code §19955 provides in pertinent part:

7
           The purpose of this part is to insure that public accommodations or

8         facilities constructed in this state with private funds adhere to the
           provisions of Chapter 7 (commencing with Sec. 4450) of Division 5

9         of Title 1 of the Government Code. For the purposes of this part
           "public accommodation or facilities" means a building, structure,

10        facility, complex, or improved area which is used by the general
           public and shall include auditoriums, hospitals, theaters, restaurants,

11        hotels, motels, stadiums, and convention centers. When sanitary
           facilities are made available for the public, clients or employees in

12        such accommodations or facilities, they shall be made available for
           the handicapped.

13

14     63.  Health & Safety Code §19956, which appears in the same chapter as §19955,

15  provides in pertinent part, "accommodations constructed in this state shall conform to the

16  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

17  Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

18  public accommodations constructed or altered after that date. On information and belief, portions

19  of the TURTLE TOWER RESTAURANT and/or of the building(s) were constructed and/or

20  altered after July 1, 1970, and substantial portions of the subject restaurant and/or the building(s)

21  had alterations, structural repairs, and/or additions made to such public accommodations after July

22  1, 1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part

23  5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or

24  additions per Health & Safety Code §19959.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    64.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
2  Architect promulgated regulations for the enforcement of these provisions. Effective July 1,
3  1982, Title 24 of the California Building Standards Code adopted the California State Architect's
4  Regulations and these regulations must be complied with as to any alterations and/or
5  modifications of subject restaurant and/or the building(s) occurring after that date. Construction
6  changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant
7  to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.
8  On information and belief, at the time of the construction and modification of said building, all
9  buildings and facilities covered were required to conform to each of the standards and
10  specifications described in the American Standards Association Specifications and/or those
11  contained in Title 24 of the California Building Standards Code.

12    65.    Restaurants such as the TURTLE TOWER RESTAURANT are "public
13  accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

14    66.    As a result of the actions and failure to act of defendants, and as a result of the
15  failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied
16  plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil
17  rights and plaintiff's rights as a person with physical disabilities to full and equal access to public
18  facilities.

19    67.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
20  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's
21  civil rights and enforce provisions of the law protecting access for the persons with physical
22  disabilities and prohibiting discrimination against the persons with physical disabilities, and to
23  take such action both in plaintiff's own interests and in order to enforce an important right
24  affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all
25  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
26  §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953
27  and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and
28  litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21

1  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

2     68.     Plaintiff seeks injunctive relief for an order compelling defendants, and each of

3  them, to make the subject place of public accommodation readily accessible to and usable by

4  persons with disabilities.

5  **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
        EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
6  **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
        SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
7     (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants CITI
        PROPERTIES DE LLC, a Delaware limited liability company; and PHAM LLC, a
8     California limited liability company, inclusive)
        (Civil Code §51, 51.5)
9
      69.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,
10
   the allegations contained in paragraphs 1 through 68 of this complaint.
11
      70.     Defendants' actions and omissions and failure to act as a reasonable and prudent
12
   public accommodation in identifying, removing and/or creating architectural barriers, policies,
13
   practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The
14
   Unruh Act provides:
15
              This section shall be known, and may be cited, as the Unruh
16            Civil Rights Act.

17            All persons within the jurisdiction of this state are free and
              equal, and no matter what their sex, race, color, religion, ancestry,
18            national origin, or **disability** are entitled to the full and equal
              accommodations, advantages, facilities, privileges, or services in all
19            business establishments of every kind whatsoever.

20            This section shall not be construed to confer any right or
              privilege on a person that is conditioned or limited by law or that is
21            applicable alike to persons of every sex, color, race, religion,
              ancestry, national origin, or **disability.**
22
              Nothing in this section shall be construed to require any
23            construction, alteration, repair, structural or otherwise, or
              modification of any sort whatsoever, beyond that construction,
24            alteration, repair, or modification that is otherwise required by other
              provisions of law, to any new or existing establishment, facility,
25            building, improvement, or any other structure . . . nor shall anything
              in this section be construed to augment, restrict, or alter in any way
26            the authority of the State Architect to require construction,
              alteration, repair, or modifications that the State Architect otherwise
27            possesses pursuant to other . . . laws.

28  ///

1        A violation of the right of any individual under the
         Americans with Disabilities Act of 1990 (Public Law 101-336) shall
2        also constitute a violation of this section.

3   As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

4   "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

5   failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

6   failing to act to identify and remove barriers can be construed as a "negligent per se" act of

7   defendants, and each of them.

8        71.    The acts and omissions of defendants stated herein are discriminatory in nature and

9   in violation of Civil Code §51.5:

10       No business establishment of any kind whatsoever shall
         discriminate against, boycott or blacklist, refuse to buy from, sell to,
11       or trade with any person in this state because of the race, creed,
         religion, color, national origin, sex, or **disability** of the person or of
12       the person's partners, members, stockholders, directors, officers,
         managers, superintendents, agents, employees, business associates,
13       suppliers, or customers.

14       As used in this section, "person" includes any person, firm
         association, organization, partnership, business trust, corporation,
15       limited liability company, or company.

16       Nothing in this section shall be construed to require any
         construction, alteration, repair, structural or otherwise, or
17       modification of any sort whatsoever, beyond that construction,
         alteration, repair or modification that is otherwise required by other
18       provisions of law, to any new or existing establishment, facility,
         building, improvement, or any other structure . . . nor shall anything
19       in this section be construed to augment, restrict or alter in any way
         the authority of the State Architect to require construction,
20       alteration, repair, or modifications that the State Architect otherwise
         possesses pursuant to other laws.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      72.     Defendants' acts and omissions as specified have denied to the plaintiff full and
2 equal accommodations, advantages, facilities, privileges and services in a business establishment,
3 on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil
4 Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A
5 violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public
6 Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates
7 the entirety of his above cause of action for violation of the Americans with Disabilities Act at
8 §39, *et seq.*, as if repled herein.

9      73.     As a further legal result of the actions and failure to act of defendants, and as a
10 legal result of the failure to provide proper handicapped-accessible public facilities as set forth
11 herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff
12 CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical
13 disabilities to full and equal access to public facilities.

14      74.     Further, plaintiff CRAIG YATES suffered mental distress, mental
15 suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,
16 disappointment and worry, all of which are expectedly and naturally associated with a denial of
17 access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.
18 Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole
19 basis that plaintiff is a person or an entity that represents persons with physical disabilities and
20 unable, because of the architectural barriers created and maintained by the defendants in violation
21 of the subject laws, to use the public facilities hereinabove described on a full and equal basis as
22 other persons.

23      75.     Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)
24 of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to
25 mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is
26 allowed by statute, according to proof if deemed to be the prevailing party.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

1 **PRAYER:**

2      Plaintiff prays that this court award damages and provide relief as follows:

3 **I.      PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
         PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
4 **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
         (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants CITI
5      PROPERTIES DE LLC, a Delaware limited liability company; and PHAM LLC, a
         California limited liability company, inclusive)
6      (42 U.S.C. §12101, *et seq.*)

7           1.      For injunctive relief, compelling defendants CITI PROPERTIES DE LLC, a

8 Delaware limited liability company; and PHAM LLC, a California limited liability company,

9 inclusive, to make the TURTLE TOWER RESTAURANT, located at 631 Larkin Street,

10 San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42

11 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility

12 criteria and procedures so as to afford full access to the goods, services, facilities, privileges,

13 advantages and accommodations being offered.

14          2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

15 prevailing party; and

16          3.      For such other and further relief as the court may deem proper.

17 **II.     PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
         EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
18 **AND 54.3, *ET SEQ.***
         (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants CITI
19      PROPERTIES DE LLC, a Delaware limited liability company; and PHAM LLC, a
         California limited liability company, inclusive)
20      (California Civil Code §§54, 54.1, 54.3, *et seq.*)

21          1.      For injunctive relief, compelling defendants CITI PROPERTIES DE LLC, a

22 Delaware limited liability company; and PHAM LLC, a California limited liability company,

23 inclusive, to make the TURTLE TOWER RESTAURANT, located at 631 Larkin Street,

24 San Francisco, California, readily accessible to and usable by individuals with disabilities, per

25 state law.

26          2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

27 each occasion on which plaintiff was deterred from returning to the subject public

28 accommodation.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    3.    Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

2 if plaintiffs are deemed the prevailing party;

3    4.    Treble damages pursuant to Civil Code §54.3;

4    5.    General damages according to proof;

5    6.    For all costs of suit;

6    7.    Prejudgment interest pursuant to Civil Code §3291; and

7    8.    Such other and further relief as the court may deem just and proper.

8 **III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
          SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
9      **§19955, *ET. SEO.***
        (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants CITI
10      PROPERTIES DE LLC, a Delaware limited liability company; and PHAM LLC, a
        California limited liability company, inclusive)
11      (Health & Safety code §19955, *et seq.*)

12    1.    For injunctive relief, compelling defendants CITI PROPERTIES DE LLC, a

13 Delaware limited liability company; and PHAM LLC, a California limited liability company,

14 inclusive, to make the TURTLE TOWER RESTAURANT, located at 631 Larkin Street,

15 San Francisco, California, readily accessible to and usable by individuals with disabilities, per

16 state law.

17    2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

18 alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

19    3.    For all costs of suit;

20    4.    For prejudgment interest pursuant to Civil Code §3291;

21    5.    Such other and further relief as the court may deem just and proper.

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

**IV.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants CITI PROPERTIES DE LLC, a Delaware limited liability company; and PHAM LLC, a California limited liability company, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3.    General damages according to proof;

4.    Treble damages pursuant to Civil Code §52(a);

5.    For all costs of suit;

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1    6.    Prejudgment interest pursuant to Civil Code §3291; and

2    7.    Such other and further relief as the court may deem just and proper.

3

4  Dated: _____, 2010     THOMAS E. FRANKOVICH,
5                                    *A PROFESSIONAL LAW CORPORATION*

6

7                          By:

8                                    THOMAS E. FRANKOVICH
                                     Attorneys for Plaintiff CRAIG YATES, an individual
9

10                          **DEMAND FOR JURY TRIAL**

11   Plaintiff hereby demands a jury for all claims for which a jury is permitted.

12

13
14  Dated: _____, 2010     THOMAS E. FRANKOVICH,
                                     *A PROFESSIONAL LAW CORPORATION*
15

16                          By:

17                                   THOMAS E. FRANKOVICH
                                     Attorneys for Plaintiff CRAIG YATES, an individual
18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Recycled   Stock # R DOA-10-B

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

April 30, 2010

Manager
Turtle Tower Restaurant
631 Larkin Street
San Francisco, CA 94109

Dear Manager of Turtle Tower:

Recently, I visited Turtle Tower, and I couldn't get in. You see, I use a wheelchair and there is a step to get in. Wheelchair users like myself, simply can't get in.

Is there a way to do a curb cut in or a permanent ramp, maybe another entrance? Maybe what you need to get is a portable light aluminum ramp, install a buzzer and a sign for use by the disabled. For every 1" of step up, you need 1ft. of ramp. So, if your step is 5" high, you need a 5ft. ramp. If it's 8" high, you need a 8ft. ramp. The sign should say something like: "Press buzzer for ramp assistance." Maybe make it 11" x 17" with the wheelchair symbol in white and blue background. You've seen those signs, haven't you?

A place that sells ramps is Prairie View Industries, Inc. at 800-554-7267. There are other places to get a ramp from but here is a start.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

April 30, 2010

Owner of the Building
Turtle Tower Restaurant
631 Larkin Street
San Francisco, CA 94109

Dear Owner of Building for Turtle Tower:

Recently, I visited Turtle Tower, and I couldn't get in. You see, I use a wheelchair and there is a step to get in. Wheelchair users like myself, simply can't get in.

Is there a way to do a curb cut in or a permanent ramp, maybe another entrance? Maybe what you need to get is a portable light aluminum ramp, install a buzzer and a sign for use by the disabled. For every 1" of step up, you need 1ft. of ramp. So, if your step is 5" high, you need a 5ft. ramp. If it's 8" high, you need a 8ft. ramp. The sign should say something like: "Press buzzer for ramp assistance." Maybe make it 11" x 17" with the wheelchair symbol in white and blue background. You've seen those signs, haven't you?

A place that sells ramps is Prairie View Industries, Inc. at 800-554-7267. There are other places to get a ramp from but here is a start.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

Craig Yates

# Turtle Tower Restaurant
## 631 Larkin Street
## San Francisco, CA 94109
## 415-409-3333

June 20, 2010                                    Via Regular Mail U.S.P.S

Mr. Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

RE: 631 Larkin Street, San Francisco

Dear Mr. Yates:

Thank you for your recent visit to Turtle Tower Restaurant. I apologize that you thought
you couldn't get in. You see, we do have a wheelchair accessible entrance at the side of
the business which we can simply escort you through. We have wheelchair users like
your self that have no problem getting in. Please simply inform us that you would like to
dine at our restaurant by waiting at the main entrance and someone will be there to assist
you.

We welcome you and all wheelchair users alike. Access requested is Access provided!

Sincerely,

Kathy Pham
General Manager